UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION
IN ADMIRALTY

QUASAR NAUTICA, S.A., as owner of the  Case No.:
M/S "ALTA",

   Plaintiffs.

_____/

## PLAINTIFFS' VERIFIED COMPLAINT
## FOR EXONERATION FROM OR LIMITATION OF LIABILITY

COMES NOW, QUASAR NAUTICA, S.A., as owner of the M/S "ALTA"("the vessel"), by and through its undersigned counsel, and for its Complaint for Exoneration from or Limitation of Liability, states:

1.  This is a claim within the Court's admiralty and maritime jurisdiction pursuant to Rule 9(h) of the Federal Rules of Civil Procedure, 28 USC 1333, and Rule F of the Admiralty and Maritime Supplemental Rules.

2.  At all times hereinafter mentioned and relevant to this litigation, Plaintiff was and is a corporation incorporated under the laws of the Republic of Ecuador, and was the owner of the vessel.

3.  The vessel was a 140' long, 212 gross ton three masted stay sail schooner/sailing yacht.

4.  The vessel was registered under the laws of the Republic of Equador with a home port

1

in the Galapagos Islands, Equador.

5.    Plaintiff used due diligence to make the vessel seaworthy at the time of the casualty hereinafter described, and at and prior to commencement of the voyage on which the casualty damages, and/or losses which are the subject of this litigation occurred, the vessel was tight, staunch, strong, properly manned, equipped and supplied, and in all respects seaworthy for the service for which she was engaged.

6.    On or about March 17, 2010, Andrew Allen Chisholm, Laurel Jean Chisholm, Lauren Anna Lynn Chisholm, Thomas Alexander Chisholm, Stephen Roland Chisholm, Mary Jane Chisholm, Frederick John McNally, Lynda Gordon Thomson, Yates Pinto McNally, Thomas Miller, Barbara Jane Chisholm, Fiona Miller, Ronald White Chisholm, Barbara Diane Chisholm, David W.A. Chisholm and Meredith I. Shaw (hereinafter "the Passengers") were fare paying passengers aboard the vessel when it grounded at the Punta Camaño Islet while approaching Puerto Ayora, Santa Cruz Galapagos Islands, Equador.  After an initial attempt to free the vessel, the captain ordered the evacuation of the vessel. All sixteen of the passengers were instructed to obtain their passports and valuable personal effects.  Thereafter they were evacuated from the vessel.  All of the passengers remaining personal effects were lost or damaged.

7.    After several unsuccessful attempts to refloat the vessel after the grounding, she was declared a constructive total loss.  The vessel's bunkers were removed by the Ecuadorean Navy shortly after the grounding thereby preventing a pollution event.  Within a few weeks, the vessel broke-up as a result of the action of the winds and waves against the rocks where she was grounded. Although wreck removal operations continue at this time, there will be no scrap value for the vessel

2

and the remains will be dumped at sea. Since the charter was fully paid prior to the trip, there is no pending freight.

8.     By letter dated April 9, 2010, the passengers notified Plaintiff of their claim for damages for the loss or damage to their personal effects, reimbursement for the trip, cancellation of further travel and expenses related to the foregoing.

9.     The potential Claimants in this matter include the passengers and any of their insurers, assignees, designees, or subrogees and Galapagos Holidays of Toronto, Ontario, Canada who booked the cruise and travel arrangements for the passengers (hereinafter "the Claimants").

10.     The Claimants' damages were not caused or contributed to by any fault or want of care on the part of Plaintiff, its vessel, or persons for whom the Plaintiff or the vessel were or are legally responsible.

11.     The foregoing casualty and alleged claims arising therefrom were occasioned and occurred without the privity or knowledge of the Plaintiff concerning facts or circumstances which caused or contributed to the foregoing casualty that existed at or prior to the commencement of the voyage on which the vessel was engaged, and were not within the privity or knowledge of the owner of the vessel or anyone for whom the Plaintiff was or is legally responsible.

12.     As a result of the aforesaid casualty, the Plaintiff has been notified of claims for damages alleged to have been sustained by Claimants.

13.     The Plaintiff believes that the amount which may be claimed as damages arising from Claimants' alleged damages will exceed the amount or value of the interest of the Plaintiff in the vessel and freight pending on the vessel at the time of the alleged casualty.

3

14.     There are no demands, unsatisfied liens, or claims of lien arising on said voyage against the vessel except as stated herein to the Plaintiff's knowledge.

15.     The Plaintiff alleges that the vessel had no value after the casualty and no pending freight at the time of the casualty, which value is less than the amount of the claims made against the Plaintiff. Although Plaintiff does not believe there will be any claims for personal injuries as a result of the casualty, Plaintiff will post security of $420.00 for each gross ton of the vessel as provided by statute.

16.     Based on the value of its interest in the vessel, her pending freight, and the personal injury security the Plaintiff will deposit with the court, as security for the benefit of claimants, a stipulation for value of $100,000.00, and said sum being not less than the amount or value of Plaintiff's interest in the vessel, her pending freight at the end of the aforesaid voyage and the $420.00 per gross ton security, as set forth in the Declaration of Value filed herein plus interest for 2 years at the rate of six percent (6%) per year and costs in the amount of $250.00.

17.     This complaint is filed within six months of the date the Plaintiff received the first written notice of claim against the vessel or Plaintiff from the claimants as a result of the aforesaid casualty.

18.     The Plaintiff, as the owner of the vessel, claims exoneration from liability for any and all losses, damages, injuries, or destruction caused by said casualty, or done, occasioned, or incurred on the voyage during which said casualty or casualties occurred and for any and all claims therefore because the Plaintiff has valid defenses for the claims of Claimants based upon applicable facts and law.

4

19.     If the Plaintiff be adjudged liable as owner of the vessel, the Plaintiff alternatively claims the benefit of limitation of liability as provided in Sections 4283, 4284, 4285 and 4289 of the Revised Statutes of the United States 46 USC §30501 et. seq. (formerly App. 46 USC § 183 et. seq.), and the various statutes supplemental thereto and amendments thereof, Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and by the Rules and Practice of this Court.

WHEREFORE after due proceedings are had herein, the Plaintiff prays for the following:

1.     That this Court issue a notice to all persons asserting claims with respect to which the Complaint seeks exoneration or limitation admonishing them to file their respective claims with the clerk of this court and to serve on the attorneys for the Plaintiff a copy thereof on or before a date to be named in the notice, and if any claimants desire to contest either the right to exoneration from or the right to limitation of liability, that claimants shall file and serve on the attorneys for the Plaintiff an answer to the complaint, on or before the said date, unless their claim is included in an answer, so designated.

2.     That this court restrain, stay and enjoin the further prosecutions of any and all actions, suits, or proceedings already commenced, if any, and the commencement or prosecution thereafter of any and all actions, suites, or proceedings of any nature or description whatsoever in any jurisdiction against the Plaintiff, as aforesaid, or against the vessel, or against any property of the Plaintiff except in this action, to recover damages for or in respect of any loss, damage injury, or destruction caused by or resulting from the aforesaid casualties, or done, occasioned, or incurred on the aforesaid voyage.

5

3.    That this Court adjudge that the Plaintiff is not liable to any extent for any loss, damage, injury or destruction or for any claim therefore, in any way arising out of or resulting from said casualty, or done, occasioned, or incurred on said voyage.

4.    That if the Plaintiff shall be adjudged liable, as owner of the vessel, then any such liability be limited to the amount or value of the Plaintiff's interest in the vessel and her pending freight at the end of the voyage, if any, on which said vessel was engaged at the time of said casualty, and that the Plaintiff be discharged therefrom on the surrender of such interest, divided pro-rata according the herein above mentioned statutes and rules amongst such claimants as may duly prove their claims before this court saving to all claimants any priorities to which they may be legally entitled, and that judgment may be entered discharging the Plaintiff, as owner of the vessel, and the said vessel from all further liability.

5.    The Plaintiff may have such other and further or different relief as may be just and proper in this cause.

Dated: September __17__, 2010.

Respectfully submitted,

Allan R. Kelley
Fla. Bar No. 309893
Attorneys for Plaintiff
FOWLER WHITE BURNETT P.A.
Espirito Santo Plaza
1395 Brickell Avenue, 14th Floor
Miami, Florida 33131-3302
Telephone: (305) 789-9200
Facsimile: (305) 789-9201

6

## VERIFICATION

I, Eduardo F. Diez, as Managing Director of QUASAR NAUTICA, S.A., the owner of the M/S "ALTA", in the above styled cause declare under the penalty of perjury of the laws of United States of America and the State of Florida that I have read the Complaint in this matter and declare and verify that the matters set forth therein are true and correct to the best of my knowledge, information and belief.

Eduardo F. Diez
Managing Director
QUASAR NAUTICA, S.A.

[jc] W:\81150\COMPLA26-Limitation Action.AKK [9/17/10-11:46]

7